# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

KIRK D. BISHOP,                )
                               )
        Plaintiff,    )
                               )
    v.                       )   No. 07-4218-CV-C-NKL
                               )
BILL ABBOTT, Sheriff, et al.,  )
                               )
        Defendants.   )

## REPORT, RECOMMENDATION AND ORDER

    Plaintiff Kirk Bishop, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1]

    On January 7, 2008, defendant Kathy Fields filed a motion for judgment on the pleadings. On March 3, 2008, plaintiff was ordered to show cause why defendant Fields' motion should not be granted. Plaintiff has failed to respond.

    At this stage in the proceedings, the standard for a motion for judgment on the pleadings is the same as that for a motion to dismiss. The distinction between a motion to dismiss and a motion for judgment on the pleadings is merely a procedural issue;[2] thus, a Rule 12(c) motion for judgment on the pleadings is reviewed under the standard that governs Rule 12(b)(6) motions. Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990) (citing St. Paul Ramsey County Med. Ctr. v. Pennington County, 857 F.2d 1185, 1187 (8th Cir. 1988)).

    A complaint is properly dismissed under Fed. R. Civ. P. 12 (b)(6) when it fails to state a claim upon which relief can be granted. When ruling on a motion to dismiss, the factual

---

[1] This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

[2] Technically, a motion to dismiss under Fed. R. Civ. P. 12(b)(6) cannot be filed after an answer has been submitted.

allegations in the complaint are accepted as true, and the court must determine whether they show the pleader is entitled to relief. At this stage, the complaint is construed liberally in the light most favorable to the plaintiff. Eckert v. Titan Tire Corp. 514 F.3d 801, 806 (8th Cir. 2008).

Here, defendant Kathy Fields argues that as a Missouri parole officer, she is entitled to absolute immunity, and therefore, plaintiff's allegations against her fail to state a claim on which relief may be granted.

The Eighth Circuit has held that parole officers are entitled to absolute immunity for parole-related matters. Figg v. Russell, 433 F.3d 593, 598 (8th Cir 2006). Here, plaintiff claims that defendant Fields is his wife's parole officer and has imposed conditions on his wife's parole which plaintiff believes have unconstitutionally limited his contact with his wife. Plaintiff's allegations challenge defendant Fields' actions as to parole-related matters, to which absolute immunity applies. Mayorga v. Missouri, 442 F.3d 1128, 1131 (8th Cir. 2006) (because parole officials have the power to attach conditions to a prisoner's parole; parole officer entitled to absolute immunity as to conditions of parole). Defendant Kathy Fields is entitled to absolute immunity, and her motion for judgment on the pleadings should be granted.

On March 13, 2008, plaintiff filed a motion to amend, seeking to add new claims and defendants. Defendants have filed no objections within the time allotted by L.R. 7.1. "Leave to amend a complaint shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Leave to amend should be granted absent a good reason for denial, such as undue delay, bad faith, undue prejudice to the nonmoving party, or futility." Fuller v. Secretary of Defense, 30 F.3d 86, 88 (8th Cir. 1994).

Here, granting plaintiff's proposed amendment to his claims would be futile. Plaintiff's proposed amended complaint seeks to add allegations which fail to state a claim on which relief may be granted under 42 U.S.C. § 1983; specifically, his claims that the Miller County Jail personnel have inadequately processed his grievances and the grievance procedure is inadequate. No constitutional right is violated by a failure to process plaintiff's submitted grievances. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). The jail's grievance procedure is a procedural right only; it does not confer any substantive right upon the inmates.

Therefore, the grievance processes and procedures, or lack thereof, do not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment. Id.

Additionally, plaintiff's attempt to name persons as defendants who were merely witnesses fails to state a claim against these persons. Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. Clemmons v. Armontrout, 477 F.3d 962, 967 (8th Cir. 2007). Witnesses to alleged deprivation of constitutional rights by others do not have the necessary causal link. The causal link requirement is applicable also to supervisory persons plaintiff seeks to add as defendants. To establish liability of supervisory defendants, the plaintiff must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights. Id. A supervisor cannot be held liable under section 1983 for an employee's unconstitutional actions. Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995); Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993); Givens v. Jones, 900 F.2d 1229, 1233 (8th Cir. 1990). Plaintiff has failed to allege the personal responsibility necessary to proceed.

Plaintiff's allegation of no law library available at the Miller County Jail fails to state a claim of denial of access to courts. Availability of law libraries is only one of the many constitutionally acceptable methods of assuring meaningful access to the courts. Inmates must be provided with some access to legal materials or to legal assistance so that the inmates can prepare and pursue their complaints. Myers v. Hundley, 101 F.3d 542, 544 (8th Cir. 1996). However, to state a denial of access to courts, an inmate must assert that he suffered an actual injury to a pending or contemplated legal claim. Id. Plaintiff has not done this. Plaintiff does not allege he has no access to any legal materials or assistance, and does not allege he has suffered actual injury to a pending or contemplated legal claim. Plaintiff continues to make necessary filings in this case, and has been generally competent in pursuing his claims. Plaintiff's allegations of denial of access to courts fail to state a claim.

Finally, as set forth above, plaintiff's claims against Parole Officer Kathy Fields fail to state a claim on which relief may be granted because Fields is entitled to absolute immunity.

3

Case 2:07-cv-04218-NKL   Document 36   Filed 06/17/08   Page 3 of 4

On April 15, 2008 defendant Dr. Honeywell filed a motion for summary judgment. If plaintiff opposes defendant's request, a brief in opposition, affidavits and documentary evidence must be filed. L.R. 7.1. Failure to respond will be treated as lack of opposition to the motion and will likely result in dismissal of plaintiff's claims, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

IT IS, THEREFORE, ORDERED that within twenty days, plaintiff show cause why defendant Dr. Honeywell's motion for summary judgment should not be granted. It is further

RECOMMENDED that plaintiff be denied leave to file his March 13, 2008 amended complaint. [29] It is further

RECOMMENDED that defendant Kathy Field's motion for judgment on the pleadings be granted and plaintiff's claims against defendant Fields be dismissed. [18]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 17th day of June, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge