IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

KIRK D. BISHOP,            )
                           )
        Plaintiff,         )
                           )
    v.                     )    No. 07-4218-CV-C-NKL
                           )
BILL ABBOTT, Sheriff, et al., )
                           )
        Defendants.        )

## REPORT, RECOMMENDATION AND ORDER

Plaintiff, an inmate who was formerly confined at the Miller County Jail[1], filed suit under 42 U.S.C. § 1983, alleging several violations of his constitutional rights.[2] In addition to his other claims, plaintiff asserts he was denied appropriate medical care by defendant Dr. Eugene Honeywell.

Defendant Honeywell filed a motion for summary judgment on April 15, 2008. Plaintiff did not respond in opposition to the motion, and stated in his response to the report and recommendation of June 17, 2008, that he "has had no legal materials or legal assistance to respond to defendant Honeywell's motion." (Doc. 37.) Plaintiff has had more than three months to respond to the motion and was directed, on June 17, 2008, to show cause within twenty days why the motion should not be granted. Even if plaintiff did not have legal materials, he has made no effort to show there are genuine issues of material fact with regard to his claims against Dr. Honeywell.

---

[1]Plaintiff has submitted a change of address which indicates he is currently incarcerated the Fulton Reception and Diagnostic Center.

[2]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

**Summary Judgment Standard**

Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985). In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment. Fed. R. Civ. P. 56(c).

**Discussion**

While at the Miller County Jail, plaintiff appears to have complained to medical personnel about headaches, his blood pressure, a need for dental care, and the dispensing of his medications. Plaintiff claims he did not timely receive his medications, they were not always the correct medications, they were passed out by nonmedical personnel, the personnel were unpleasant, and an appointment with a dentist was not made.

Defendant Honeywell requests the entry of summary judgment on the claims against him, and sets forth the following facts. Between 2005 and 2008, Honeywell was a Site Physician for Advanced Correctional Healthcare, and part of his duties included providing medical treatment and prescribing medication to inmates at the Miller County Jail. His duties did not include delivering medication, passing it out or determining when it would be passed out. He did not make dental appointments for inmates or have responsibility for ensuring inmates attended medical or dental appointments.

Honeywell examined plaintiff on several occasions and prescribed medications. His prescriptions sometimes included times when the medications were to be taken, and the medications or dosages were periodically changed in response to plaintiff's concerns. Defendant did not refuse to listen to, examine or treat plaintiff, and he used his professional judgment in deciding what treatment or medication was medically appropriate. He did not have control over when medications were actually dispensed within the institution, and he did not supervise or control the individuals who passed the medications to the inmates.

Plaintiff did not dispute any of the facts set forth by defendant Honeywell, and his complaint does not contain facts indicating defendant Honeywell failed to treat him or to respond to his medical needs.

To succeed on his Eighth Amendment medical claims, plaintiff must allege and prove, by a preponderance of the evidence, a "deliberate indifference to a serious medical need." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Prison or jail officials may not be held liable under 42 U.S.C. § 1983 for mere negligence in the treatment of an inmate. Id. The standard for "deliberate indifference" includes an objective and a subjective component. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)). Thus, to prevail on his claims, plaintiff must show 1) that the medical deprivation was objectively sufficiently serious; and 2) that prison officials subjectively knew about the deprivation and refused to remedy it. A serious medical need is defined as "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995) (quoting Johnson v. Busby, 953 F.2d 349, 351

3

(8th Cir. 1991)); see also Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997) (citing Camberos v. Branstad, 73 F.3d at 176).

If plaintiff is complaining there was a delay in his treatment or in the receipt of his medications, judgment is still appropriate because he has not indicated a delay caused a medically established detrimental effect. When an inmate alleges a delay in medical treatment constituted a constitutional deprivation, the objective seriousness of the deprivation is also measured by reference to the effect of the delay in treatment. Coleman v. Rahija, 114 F.3d at 784 (citing Crowley v. Hedgepeth, 109 F.3d 500, 502 (8th Cir. 1997)); see also Beyerbach v. Sears, 49 F.3d at 1326. An inmate who complains that the delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed. Beyerbach v. Sears, 49 F.3d at 1326 (quoting Hill v. Dekalb Regional Youth Detention Ctr., 40 F.3d 1176, 1188 (11th Cir. 1994)).

Further, a mere difference of opinion between plaintiff and his treating physician about what treatment is appropriate does not give rise to a colorable claim under section 1983. Warren v. Fanning, 950 F.2d 1370, 1373 (8th Cir. 1991); Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990); Courtney v. Adams, 528 F.2d 1056 (8th Cir. 1976). Likewise, disagreement with a diagnosis or course of medical treatment is insufficient to state a claim. Davis v. Hall, 992 F.2d 151, 153 (8th Cir. 1993). Nothing in the Eighth Amendment prevents doctors from exercising independent medical judgment. Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996).

Here, it is not entirely clear what plaintiff claims defendant Honeywell did or did not do that showed he was deliberately indifferent to plaintiff's serious medical needs. Plaintiff acknowledges in his daily journaling that he saw defendant, had medications prescribed or changed, and otherwise received medical treatment from Honeywell. Plaintiff does not allege that his medical needs went untreated, or that he suffered serious medical problems as a result of his treatment. It appears that plaintiff merely wanted better daily dispensing of his medication, better access to Tylenol for his headaches, and dental treatment for which defendant Honeywell was not responsible.

4

In the absence of genuine issues of material fact for trial, defendant Honeywell is entitled to the entry of summary judgment.

On July 17, 2008, defendants Abbott, Kempker, Wilson, Lambert, Nave, and Philips filed a motion for summary judgment. If plaintiff opposes defendants' request, a brief in opposition, affidavits and documentary evidence must be filed. L.R. 7.1. Failure to respond will be treated as lack of opposition to the motion and will likely result in dismissal of plaintiff's claims, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

IT IS, THEREFORE, ORDERED that within twenty days, plaintiff show cause why defendants' motion for summary judgment should not be granted. It is further

RECOMMENDED that defendant Honeywell's motion of April 15, 2008, for summary judgment be granted.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 31st day of July, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge