# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| KIRK D. BISHOP, Register No. 74929, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 07-4218-CV-C-NKL |
| BILL ABBOTT, Sheriff, et al., | ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, an inmate formerly confined at the Miller County Jail, filed suit under 42 U.S.C. § 1983, claiming his constitutional rights were violated when he was housed at the jail and had medical problems.[1] The defendants remaining in the case are Bill Abbott, Donnie Kemper, Jim Wilson, Micky Lambert, Karen Nave and Lonnie Philips.

Plaintiff asserts defendants allowed medical procedures and treatment to fall below the proper standard of care, and defendant Lambert made diagnoses and prescribed medications without producing a physician's order. His stated legal theory is medical negligence and retribution. Attached to his complaint is a handwritten daily log indicating how he was feeling and what he thought was done wrong.

On July 17, 2008, defendants filed a motion for summary judgment, asserting there are no genuine issues of material fact for trial. Plaintiff did not respond in opposition to the motion or in response to the court's order of July 31, 2008. Plaintiff has had ample opportunity to respond to the motion or to seek leave of court for additional time, if needed. Thus, plaintiff does not appear to dispute defendants' statement of uncontroverted facts or that summary judgment is appropriate.

---

[1] This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

The evidence indicates plaintiff was housed at the Miller County Jail between May 4, 2007, and July 1, 2008. He experienced headaches and high blood pressure, and was unhappy with the medications he was given and with the timing of his medications.

He was seen by Dr. Honeywell[2] initially on May 5, 2007. Plaintiff refused the medications Honeywell prescribed. Jail officials allowed plaintiff to have his family bring him medications from home that had been prescribed by his doctor prior to May 4, 2007.

During his time at the jail, plaintiff's blood pressure increased and became a recurring problem. He was seen by a physician, prescribed medication and had his pressure monitored. His medications were changed or reduced in accord with the physician's evaluations, and at times, he had daily blood pressure monitoring.

The medical records submitted by defendants indicate there were times when plaintiff's anger and hostility aggravated his condition and caused his blood pressure to go up. In the attachments to his complaint, plaintiff asserts he was sometimes given the wrong medications, which he refused to take. Also, plaintiff repeatedly states he was treated in an unprofessional manner, particularly by defendant Lambert. It is clear he was unhappy.

In addition to treatment for his blood pressure, plaintiff sought care for dental problems, stomach ailments, sinus problems, and urinary tract symptoms.

Plaintiff does not identify the specific actions of all of the individual defendants, or clearly state what actions he thinks were unconstitutional. He indicates he and his family spoke to Sheriff Abbott, presumably about his medical care. He also asked to see the sheriff on several occasions and did not get to do so. Defendants Lambert and Nave gave him his medications and checked with the doctor about his need for medications or other treatment. On one occasion, defendant Kemper gave plaintiff his medications, but not all of them.

Defendants seek summary judgment in their official capacities because plaintiff has identified no official policy or custom which violated his constitutional rights. Local governmental units, such as a city or county, and their policymakers, are included among those to whom section 1983 applies. <u>Monell v. Department of Soc. Serv. of City of N. Y.</u>,

---

[2]Plaintiff's claims against defendant Honeywell were dismissed by summary judgment.

2

436 U.S. 658, 690 (1978).  However, to establish liability of a municipality under Monell, the plaintiff must establish that "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ."  Id. at 694.  See also St. Louis v. Praprotnik, 485 U.S. 112 (1988); Jett v. Dallas Indep. School Dist., 491 U.S. 701 (1989).  Thus, plaintiff must allege and come forward with genuine issues of material fact indicating that the municipal defendants were acting pursuant to official municipal policy, and that he was injured as a result, in order to state a claim under section 1983 against them in their official capacities.  Plaintiff has not done so.

Defendants next assert plaintiff was provided with constitutionally adequate medical care while housed at the jail.  They note that as a pretrial detainee, his claims are analyzed under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment's prohibition against cruel and unusual punishment.  See Spencer v. Knapheide Truck Equipment Co., 183 F.3d 902, 905 (8th Cir. 1999).  Nevertheless, the same "deliberate indifference" standard applies.  Butler v. Fletcher, 2006 W.L 2920570 *3-4 (8th Cir. Oct. 13, 2006); Davis v. Hall, 992 F.2d 151, 153 (8th Cir. 1993).

Because pretrial detainees and convicted inmates, like all persons in custody, have the same right to basic human needs, the standard of care applied is the same.  Butler v. Fletcher at 3-4.  Thus, to succeed, plaintiff must allege and prove, by a preponderance of the evidence, a "deliberate indifference to a serious medical need."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Jail officials may not be held liable under 42 U.S.C. § 1983 for mere negligence in the treatment of an inmate.  Id.  The standard for "deliberate indifference" includes an objective and a subjective component.  Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)).  Thus, plaintiff must show 1) that the medical deprivation was objectively sufficiently serious; and 2) that prison officials subjectively knew about the deprivation and refused to remedy it.  A serious medical need is defined as "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995) (quoting Johnson v. Busby, 953 F.2d

3

349, 351 (8th Cir. 1991)); see also Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997) (citing Camberos v. Branstad, 73 F.3d at 176).

When an inmate alleges a delay in medical treatment constituted a constitutional deprivation, the objective seriousness of the deprivation is also measured by reference to the effect of the delay in treatment. Coleman v. Rahija, 114 F.3d at 784 (citing Crowley v. Hedgepeth, 109 F.3d 500, 502 (8th Cir. 1997)); see also Beyerbach v. Sears, 49 F.3d at 1326. An inmate who complains that the delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment. Beyerbach v. Sears, 49 F.3d at 1326 (quoting Hill v. Dekalb Regional Youth Detention Ctr., 40 F.3d 1176, 1188 (11th Cir. 1994)).

A mere difference of opinion between plaintiff and his treating physician about what treatment is appropriate does not give rise to a colorable claim under section 1983. Warren v. Fanning, 950 F.2d 1370, 1373 (8th Cir. 1991); Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990); Courtney v. Adams, 528 F.2d 1056 (8th Cir. 1976). Likewise, disagreement with a diagnosis or course of medical treatment is insufficient to state a claim. Davis v. Hall, 992 F.2d 151, 153 (8th Cir. 1993). Nothing in the Constitution prevents doctors from exercising independent medical judgment. Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996).

In this case, the submitted medical records show plaintiff was given regular medical care and medication. His blood pressure was monitored and he was given prescription and over-the-counter medication. Plaintiff has not come forward with any verifying medical evidence to indicate that his perceived delay in medication or medical care caused him harm. He was not harmed by what he believes were the wrong medications, because he refused to take them. Instead, plaintiff appears to have disagreed with the course and timing of his treatment. His own records indicate the named defendants passed out his medications, contacted medical personnel and otherwise took action to see that his medical needs were adequately met by qualified individuals.

Defendants further claim they are entitled to qualified immunity. Entitlement to qualified immunity is a question of law to be determined by the trial court. McIntosh v. Arkansas Republican Party, 856 F.2d 1185, 1186 (8th Cir. 1988); Warren v. City of Lincoln,

4

816 F.2d 1254 (8th Cir. 1987). Government employees are protected from suit by qualified immunity unless their conduct violates a clearly established constitutional or statutory right of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800 (1982). In Saucier v. Katz, 533 U.S. 194 (2001), the Court set forth a two-part analysis to be used when determining whether defendants are entitled to qualified immunity. The threshold question is "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Id. at 201. The next step is to ask "whether the right was clearly established . . . in light of the specific context of the case." Id. at 201. The Court goes on to explain that "[t]he question is what the officer reasonably understood his powers and responsibilities to be, when he acted, under clearly established standards." Id. at 208.

As set forth above, the court finds the jail officials did not violate plaintiff's constitutional rights with regard to his medical treatment. When a constitutional violation has not occurred, the qualified immunity analysis ends at step one because plaintiff's claim fails as a matter of law. Ambrose v. Young, 474 F.3d 1070, 1077 (8th Cir. 2007).

For these reasons and those set forth in defendants' suggestions in support of their motion, it is

RECOMMENDED that defendants' motion of July 17, 2008, for summary judgment be granted and this case be dismissed. [40]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 23rd day of October, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

6